UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ROBERT MANNING AND JAMARE COATS,<br>　　　　Defendant. | No. CR 19-00313 WHA<br><br>**ORDER RE MOTION AND JOINDER TO DISMISS COUNT ONE OF THE INDICTMENT, MOTION TO STRIKE SURPLUSAGE, AND MOTION FOR A BILL OF PARTICULARS** |

**INTRODUCTION**

In this prosecution for murder in aid of racketeering and firearm possession, defendants move to dismiss Count One of the superseding indictment, to strike surplusage, and for a bill of particulars. For the reasons stated below, the motion to dismiss Count One for insufficiency is **DENIED**. The motion to dismiss Count One for failure to state a crime of violence is **HELD IN ABEYANCE**. The motion to strike surplusage is **DENIED**. The motion for a bill of particulars is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

In July 2019, the government indicted Jamare Coats for being a felon in possession of a firearm and ammunition. A previously filed Form 12 violation of Coats was related to the prosecution. Law enforcement arrested Coats the same month and a magistrate ordered him detained in September. In December 2019, a grand jury returned an indictment charging Coats

1  and Robert Manning in a superseding indictment. Count One charged both with use of a
2  firearm in furtherance of a crime of violence resulting in death, in violation of 18 U.S.C. §§
3  924(j)(1) and (2). Count Two charged both with violations of Section 922(g)(1).

4  Count One of the superseding indictment charges defendants with violating 18 U.S.C. §
5  924(j)(1). It penalizes a person who, while violating Section 924(c), murders a victim, and it
6  authorizes punishment by death or imprisonment (up to and including a life sentence). 18
7  U.S.C. § 924(j)(1). Section 924(c) criminalizes commission of crimes of violence or drug
8  trafficking while using a firearm. Defendants allegedly committed murder in aid of
9  racketeering in violation of 18 U.S.C. § 1959(a)(1) (VICAR murder). The superseding
10 indictment charges this as the predicate act of violence and alleges that defendants belonged to
11 San Francisco's Mac Bloc gang. Paragraphs one through eight of the superseding indictment
12 detail the features of Mac Bloc, including its slang, tattoos, and territory in the Western
13 Addition of San Francisco. It also describes the gang's activity, including Mac Bloc's
14 expectations of members, the use of violence against rivals, and the potential for advancing
15 within the organization through use of violence (especially against rivals). Mac Bloc allegedly
16 qualifies as an "enterprise" under Section 1959(b)(2) because it engages in interstate commerce
17 and in racketeering activity, *i.e.* murder and robbery. Defendants are accused of murdering their
18 victim in order to improve or maintain their positions within the Mac Bloc gang (Ind. ¶¶ 1, 5, 6,
19 8).

20 Count Two charges both Coats and Manning with violations of Sections 922(g)(1) and
21 (2), alleging that they were prohibited persons in possession of firearms and ammunition. The
22 government accuses both of possessing, respectively, a Glock model 23 .40 and a Glock model
23 30 .45 caliber pistol. The government contends that the guns, which each had serial numbers,
24 flowed in and affected interstate commerce and that both defendants have prior felonies (Ind. ¶¶
25 11–12).

26 In February 2020, officers arrested Manning. Both remain in custody. In October 2020, a
27 final scheduling order set trial for December 2021. Manning and Coats now move to dismiss
28 Count One of the superseding indictment. They argue that a VICAR murder is not categorically

2

a crime of violence, and that a conviction would violate due process. They also move to strike surplusage and for a bill of particulars. Coats has filed separately and joins in Manning's motion. This order follows full briefing and oral argument.

## ANALYSIS

In Count One, defendants are charged with Section 924(j)(1), which enhances punishments when a violation of Section 924(c) results in death. Section 924(c), in turn, criminalizes the use of a firearm in the commission of a violent crime. The government predicates Section 924(c) on the "violent crime" of VICAR murder. VICAR murder has four elements: "(1) that the criminal organization exists; (2) that the organization is a racketeering enterprise; (3) that the defendants committed a violent crime" to wit, murder; "and (4) that [defendants] acted for the purpose of promoting their position in the racketeering enterprise." *United States v. Bracy*, 67 F.3d 1421, 1429 (9th Cir. 1995). The superseding indictment defines "murder" for the VICAR charge by reference to 18 U.S.C. § 1111 and California Penal Code Sections 187–189. Section 924(c)(3), for its part, defines "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

In *United States v. Davis*, the Supreme Court held that a "a crime of violence" under subsection (B) (the "residual clause") was void for vagueness. 588 U.S. ___ (2019). Thus Section 924(c) convictions may only rest on (A) (the "elements clause"), which requires that they involve the actual or threatened use of force.

### 1. CRIME OF VIOLENCE.

Defendants argue that the "murder" charged in the superseding indictment was not a "crime of violence." The question presented is: does a VICAR murder *categorically* qualify as a crime of violence under the elements clause of Section 924(c)(3)(A)? Defendants argue that it does not categorically qualify because murder does not require the intentional use of force.

3

In *United States v. Begay*, 934 F.3d 1033, 1038 (2019), our court of appeals ruled that second-degree murder cannot qualify — categorically — as a crime of violence under Section 924(c)(3)(A) because one can commit second-degree murder recklessly (not just intentionally). Appellate proceedings before the Ninth Circuit in *Begay* have been held in abeyance pending a decision by an *en banc* panel in *United States v. Orona*, No. 17-17508 (9th Cir.), *petition for reh'g en banc granted* Nov. 18, 2019, *stay issued* Nov. 19, 2019, *en banc* oral argument ordered Feb. 7, 2020, *stay issued and oral argument vacated* Apr. 1, 2020. Our court of appeals has also stayed the *en banc* proceedings in *Orona* "pending the Supreme Court's decision in *United States v. Borden*, No. 19-5410, cert. granted Mar. 2, 2020 (whether a criminal offense that can be committed recklessly qualifies as a violent felony under the Armed Career Criminal Act, 18 U.S.C. § 924(e)). The Supreme Court heard oral argument in *Borden* on November 3, 2021, but has not yet issued its opinion. *See Supreme Court Oral Argument Day Call 11-03-20*, https://www.supremecourt.gov/ oral _arguments /daycall/DayCall_11-03-20.pdf) (last accessed January 7, 2021).

A substantial possibility exists that a VICAR murder may be accomplished via second-degree murder. Therefore, the fate of *Begay* matters. The ruling on this point is **DEFERRED**. The defense may renew the motion if a decision on *Begay* comes down during the pendency of the case. If one does not, an order will issue before trial.

2. **SUFFICIENCY OF COUNT ONE AND SURPLUSAGE.**

Defendants move to dismiss Count One as insufficient on three grounds: that the government failed to charge a stand-alone VICAR murder, that the indictment fails to detail the defendants' role in the murder or enterprise, and that the indictment does not allege a "pattern" of racketeering. With respect to the first argument, our court of appeals disagrees. "[A] defendant charged with violating section 924(c)(1) must be proven to have committed" all elements of "the underlying crime, but nothing in the statute or the legislative history suggests that he must be charged with and convicted of the underlying offense." *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989). Section 924(c) involves the use of a gun during an act of violence or drug trafficking. Hunter had urged that since he was not separately charged with the

violence or the drug trafficking, his indictment had a fatal flaw. Our court of appeals disagreed: "We have long held section 924(c)(1) defines a separate crime rather than merely enhancing the punishment for other crimes." *Ibid*. Although defendants attempt to distinguish the decision because Hunter was not charged with killing a person, that difference does not alter *Hunter*'s applicability here. In fact, Section 924(j) incorporates 924(c) by simply assigning penalties for a 924(c) offense, which has murder as its predicate crime of violence. Following *Hunter*, the government will be required to prove a predicate crime under 924(c) beyond a reasonable doubt and need not separately charge a VICAR murder. The indictment, for its part, adequately notifies defendants of the government's theory: that defendants murdered in order to advance their status in the enterprise.

*Second*, defendants further argue that Count One fails to allege a racketeering enterprise or pattern. The indictment, however, need only allege the existence of a racketeering enterprise. "An enterprise is a continuing unit that functions with a common purpose." *Boyle v. United States*, 129 S. Ct. 2237, 2245 (2009). The crux of defendants' argument is that the racketeering activity in the indictment fails to detail the way that the killing in question served the gang. Our court of appeals has faced the same question before. In that case, the indictment had alleged that defendants murdered with the "purpose of maintaining and increasing the[ir] position" in the organization. *United States v. Fernandez*, 388 F.3d 1199, 1219 (9th Cir. 2004), *as modified,* 425 F.3d 1248 (9th Cir. 2005). Our court of appeals held that the indictment need only present the basic elements of the offense, which the *Fernandez* indictment had done. The *Fernandez* indictment's language is the language of our superseding indictment (Ind. ¶ 9).

Defendants also rely on *United States v. Banks*, 506 F.3d 756, 773 (9th Cir. 2007), which held that a court must take care to instruct the jury that a VICAR murder is not motivated by personal animus. The jury must be instructed that the statute requires that defendant sought to advance his or her position in the gang or that the murder was an "integral aspect" of gang participation. *Id*. at 766. Defendants argue that the superseding indictment's description of gang activity is so broad that does not allege the adequate *mens rea* required for a VICAR

5

murder. Not so. The jury will be properly instructed, and the current language of the superseding indictment adequately informs the defendants of the accusations they face.

*Third*, a VICAR murder's elements require proof that the enterprise engaged in racketeering activity, not a "pattern" thereof, as defendants argue. 18 U.S.C. § 1959. "Racketeering activity" is defined at 18 U.S.C. § 1961(1) and does not include reference to a "pattern."

The motion to dismiss Count One for insufficiency is **DENIED**.

Under Federal Rule of Criminal Procedure 7(d), "Upon the defendant's motion, the court may strike surplusage from the indictment or information." Defendants argue that since the government does not charge a VICAR murder, the language of the indictment alleging a criminal enterprise is surplusage and must be stricken. As discussed, the government has alleged a predicate VICAR murder. The government must prove its elements. Paragraphs one through eight of the superseding indictment establish those elements by describing the criminal gang's activity and organization (and the remainder of the indictment describes the murder). Therefore, the motion to strike surplusage is **DENIED**.

3. **DEFENDANTS' REQUESTS FOR BILLS OF PARTICULARS.**

Coats asks for a bill of particulars detailing Count One and Manning requests a bill of particulars detailing Counts One and Two, pursuant to Rule 7(f). Rule 7(f) requires one to seek a bill of particulars within 14 days of arraignment. That date lies far in the past. Nevertheless, a bill of particulars:

> has three functions: 'to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.'

*United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979), quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). The defendants argue that the indictment insufficiently describes the enterprise's racketeering activities. The parties have since met and conferred and

6

filed an update. The request for a bill of particulars on Count One is **GRANTED** to the following extent: AUSA Peng's path forward is acceptable and is hereby adopted, provided it includes all murders, attempted murders, or armed robberies; provided she updates the list as more information becomes available; and provided a final list is provided eight weeks before trial. Attorney Schifman's approach would be a straitjacket and unnecessarily restrictive. No further relief is granted at this time (Dkt. 122, 123).

Manning's request for a bill of particulars as to Count Two is **DENIED,** because the superseding indictment specifies the weapon and the fact of Manning's prior felonies. The government also provided enough of its theory at oral argument to enable Manning to prepare for trial. The bill of particulars as to Count Two is **DENIED.**

## CONCLUSION

Defendants' request to dismiss Count One for failure to state a crime of violence is **HELD IN ABEYANCE** pending our Court of Appeals' final decision in *United States v. Begay*. The motion to dismiss Count One for insufficiency is **DENIED**. The motion for a bill of particulars regarding Count One is **GRANTED** to the extent stated above, and the request regarding Count Two is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 11, 2021.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE