UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>ROBERT MANNING and<br>JAMARE COATS,<br>　　　　Defendants. | No. CR 19-00313 WHA<br><br>**ORDER RE MOTION FOR RECONSIDERATION OF ORDER GRANTING *FRANKS* HEARING** |

　　　The government now informs us that the photographs attached to the affidavit of probable cause, which was in the clerk of court's possession, actually in color. The government learned as much after it received the warrant application packet by email from our clerk of court. In so doing the government admits providing to the defense grainy, black-and-white versions rather than accurate replicas of the original photos.

　　　Civil Rule of Court 7-9, applicable to criminal matters pursuant to Northern District Criminal Rule 2-1, authorizes a motion for leave to file a motion for reconsideration under narrow circumstances. The only conceivable provision to authorize reconsideration would be that there exists a "material difference in law and fact" and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Rule 7-9(b)(1). In fact, the government's "reasonable diligence" would have included review of the actual photos submitted to the magistrate.

　　　This order also notes, for example, that at least one point warrants the *Franks* hearing. FBI Special Agent Evan W. Howard wrote in his application for the warrant: "During my search of COATS's iPhone 10, I observed multiple photographs depicting hidden

compartments in vehicles" (Dkt. No. 145-2 at 12).  In a footnote he added, "Attached to this affidavit as Exhibit 1 are the pictures located on the [*sic*] COATS cell phone."  *Ibid*.

Howard's words might imply that Mr. Coats took the photos, or at the very least, the photos were taken by someone who sent them to Mr. Coats.  The thrust of the warrant application, that Mr. Coats' car contained previously-unsearched "hidden compartments," could arguably lead a reader to believe that at least one of these photos depicted Mr. Coats' car.

The defense has presented evidence that these photos were stored on Mr. Coats' phone in an electronic cache, which improves the operating speed of a phone by storing photos downloaded to the phone either from using the camera function or downloading images from the internet.  Using metadata, the defense observed that these photos were stored in an application cache when the user viewed a website, Offerup.com (Dkt. No. 154 at 3).  None of this information emerged in Howard's affidavit.  This evidence suggest that the photos did not depict Mr. Coats' car.

The motion for reconsideration is **DENIED**.  We will proceed with the evidentiary hearing **SEPTEMBER 7 AT 12:00 P.M.** on all *Franks* issues raised by the defense.

**IT IS SO ORDERED.**

Dated:  July 29, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2