UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>ROBERT MANNING and<br>JAMARE COATS,<br>    Defendants. | No. CR 19-00313 WHA<br><br>**ORDER RE MOTIONS TO DISMISS** |

In this criminal prosecution for murder in aid of racketeering and possession of guns and ammunition by prohibited persons, defendants both move to dismiss the murder charge. For the reasons that follow, the motions are **DENIED**.

Prior orders have detailed the facts (*see* Dkt. Nos. 128, 296).

A second superseding indictment charges co-defendants Robert Manning and Jamare Coats in Count One with murder in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(1). This is colloquially known as a VICAR murder. Defendants now urge that proving a VICAR murder requires proving a crime of violence. Additionally, Mr. Coats argues that the VICAR charge fails because California and federal definitions of murder do not categorically match.

This motion follows the Supreme Court's recent decision in *Borden v. United States*, 593 U.S. ___, 141 S.Ct. 1817, 1834 (2021), which held that crimes satisfied by a *mens rea* of recklessness are not categorically crimes of violence under the Armed Career Criminals Act (ACCA). It also follows our court of appeals' decision in *United States v. Begay*, 673 F.3d 1038 (2020), which held that second-degree murder is not categorically a crime of violence.

*Begay* and *Borden* are inapposite. The VICAR statute itself is unambiguous. When a defendant faces a VICAR murder charge, the statute does not require proof of a "crime of violence." Therein ends the inquiry.

A longer discussion now follows. The VICAR statute reads,

> (a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, **murders**, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, **or threatens to commit a crime of violence** against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished--
>
> (1) for murder, by death or life imprisonment, or a fine under this title, or both; and for kidnapping, by imprisonment for any term of years or for life, or a fine under this title, or both . . . .

18 U.S.C.A. § 1959 (emphasis added). The statute specifically enumerates various offenses, including murder. While it specifies that *threats* satisfying the statute must promise a crime of violence, "crime of violence" does not modify the other enumerated crimes. We assume Congress used phrases intentionally. *Ibid.* Conversely, we assume that Congress intended to exclude omitted phrases. *See Shapiro v. Henson*, 739 F.3d 1198, 1201 (9th Cir. 2014). Nothing in this statute requires proof of a categorical "crime of violence."

The defense does not argue that "crime of violence" comes from the statute. Rather, it would have this order adopt a definition of VICAR murder that comes from caselaw. True, our court of appeals has defined its elements to require proof "(1) that the criminal organization exists; (2) that the organization is a racketeering enterprise; (3) that the defendants committed a **violent crime**; and (4) that they acted for the purpose of promoting their position in the racketeering enterprise." *United States v. Fernandez*, 388 F.3d 1199, 1220, 1232 (9th Cir. 2004). Defendants point to the phrase "violent crime" in the *Fernandez* decision. They argue that all misconduct underlying a VICAR charge must thus qualify as a crime of violence.

Let us assume, *arguendo*, that "crime of violence" equates with "violent crime." Even so, defendants have offered no authority requiring the federal district courts to apply the

categorical approach and analyze for a "crime of violence" when the statute does not contain the phrase. On the contrary, in articulating the categorical approach, *Taylor v. United States*, 495 U.S. 575, 590 (1990), focused exclusively on Congress' drafting of *statutes* and its "general approach, in designating predicate offenses, of using uniform, categorical definitions." *Taylor* and its ilk do not suggest that Congress intended to apply the categorical approach to courts' interpretations of a statute.

Nor do the origins of the phrase "violent crime" in *Fernandez* suggest that Section 1959(a)(1) requires "violence" in addition to requiring murder: *Fernandez* reached back to an earlier decision involving a VICAR murder, *United States v. Vasquez-Velasco*, 15 F.3d 833 (9th Cir. 1994), for the third element of a VICAR offense. The phrase "violent crime" did not appear in *Vasquez-Velasco*'s articulation of that element. *Vasquez-Velasco* held only that the offense's third element required "participat[ion] in the murder of" several individuals. *Id*. at 842. The phrase "violent crime" first appeared in the third element as part of a later decision that contemplated a VICAR kidnapping and assault. *United States v. Bracy*, 67 F.3d 1421, 1429 (9th Cir. 1995). *Bracy* simply deleted "murder" and swapped in "violent crime" when rewriting the third element. *Ibid*. The defense now relies on *Fernandez*, which republished the elements from *Bracy*. This history does not instruct that our court of appeals intended to require *all* VICAR predicates to categorically qualify as crimes of violence. This order will not require otherwise.

The defense additionally cites *United States v. Young*, --- Fed.Appx. ---, 2021 WL 3201103 (July 28, 2021) (unpublished) and *United States v. Mejia-Quintanilla*, 857 F. App'x 956 (9th Cir. 2021) (unpublished). Both invalidated Section 924(j) convictions for in which the government alleged predicate "crime[s] of violence." Again, the VICAR statute does not mention a crime of violence or any language like it. *Young* and *Mejia-Quintanilla* miss the mark.

Since this order has found that the substantive VICAR statute does not require a categorical crime of violence, it need not reach the question of whether a second-degree VICAR murder would so qualify.

3

Mr. Coats additionally argues that the elements of California murder alleged in Count One must categorically match the elements of murder under the federal definition. Mr. Coats cites no authority to suggest that the categorical approach applies to VICAR murders. He simply relies on *Taylor*, 495 U.S. 600, which applied the categorical approach to sentencing enhancements under ACCA for prior "violent felonies," and also to ACCA's further predicate of "burglary."

This order disagrees with Mr. Coats. The sole court of appeals decision to have reached this issue held that, in relevant part, the VICAR statute "is not subject to analysis under the categorical approach." *United States v. Keene*, 955 F.3d 391, 393 (4th Cir. 2020). *Keene* reasoned that the plain language of the statute differed greatly from ACCA. With respect to the VICAR statute's specific and enumerated offenses, *Keene* also found that none of the practical concerns animating the categorical approach applied. A district court in our circuit recently agreed. *See United States v. Rivas Gomez*, No. 118CR00002NONESKO, 2021 WL 431409, at *3 (E.D. Cal. Feb. 8, 2021) (Judge Dale A. Drozd). In part, *Rivas Gomez* reasoned by analogy to our court of appeals' interpretations of the VICAR statute to hold that *Keene* was rightly decided. *See ibid.*, citing *United States v. Adkins*, 883 F.3d 1207, 1210–11 (9th Cir. 2018). *Keene* and *Rivas Gomez* convince.

Since our second superseding indictment tracks the language of the VICAR statute, it "contains the elements of the charged offense in sufficient detail." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (cleaned up).

The motions to dismiss are **DENIED**.

**IT IS SO ORDERED.**

Dated: September 29, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4