UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ROBERT MANNING, and<br>JAMARE COATS,<br><br>    Defendants. | No. CR 19-00313 WHA<br><br>**ORDER RE MOTIONS TO DISCLOSE CONFIDENTIAL INFORMANT IDENTITIES AND FOR FURTHER DISCOVERY** |

In this prosecution for VICAR murder and possession of firearms by prohibited persons, defendants both move for discovery disclosures and preservation. For the reasons that follow, the motions are **GRANTED IN PART AND DENIED IN PART.**

Co-defendants Jamare Coats and Robert Manning request the identities of all enterprise informants and the identities of percipient witnesses on whose statements the government bases its theory that the killing was gang-motivated. The two motions contain slightly different arguments but cover primarily the same grounds. (While these motions were filed before the second superseding indictment, the relevant language cited by the defense carries over from the first superseding indictment.) Both defendants demand the identities of:

**Confidential Informant No. 1:** The San Francisco Police Department (SFPD) spoke to a witness on or about March 23, 2019, who said the "Fillmore" guys were upset that "Hunters Point" guys came to the funeral (Exh. B at ¶ 25(f)).

**Confidential Informant No. 2:** In Special Agent Howard's Application for a Search Warrant for several cell phones, he asserted that "O[s]ceola gang . . . is an affiliate of the Page

Street gang and its members frequently associate and interact at social events as well as in criminal activity" (*ibid*.). Howard also wrote, "A Confidential Informant for SFPD identified Simmons [the alleged murder victim] as an O[s]ceola gang member and as being an associate with both Page Street and 800 Block gang members. 800 Block is another gang aligned with Page Street. The informant explained that because Simmons is associated with Page Street, he is an enemy of Mac Block street gang" (*id*. at ¶ 25(g)).

\* \* \*

Coats and Manning both request disclosure of the confidential informants' identities. Manning moves broadly under FRCrP 16 and 26, and the Fifth and Sixth Amendments. Coats argues, "If government witnesses are going to testify that Simmons was affiliated with a rival gang, then the alleged gang-rivalry is a part of this case . . ." (Reply Br. at 2). Thus, Coats argues that disclosure of the following is necessary for proper preparation of a *self-defense theory*.

True, if there exists evidence showing that decedent Simmons belonged to a rival gang, or indeed to any gang, this would be a building block toward a self-defense. The prosecution cannot refuse to produce any such material simply because the government intends to challenge, later on, Coats' right to argue self-defense. The self-defense theory is in the case (for now) because it has not been excluded.

The prosecution must look at all the confidential informants known to it and see if a witness can support the self-defense theme. The government must disclose *Brady* material early enough to be effectively used by the defense.

Coats also cites *Roviaro v. United States*, 353 U.S. 53 (1957), which found error in the government's refusal to identify, pretrial, confidential informants who did not testify at trial. The government counters that it "presently intends to call at trial all individuals that could qualify as an informant" and points out that *Rovario* addressed confidential informants who did *not* ultimately testify for the government (Opp. Br. at 4). The defense correctly identifies that a gang-rivalry theory appears throughout the record made available to the Court, but the

2

prosecution's assertion that it will call all individuals who could be considered confidential informants satisfies the need for timely disclosure. The prosecution must, of course, abide by its word. Based on the word of the prosecution, the request for an order requiring early disclosure of confidential informants' identities is **DENIED**.

Coats additionally asks for all statements made about him. The prosecution objects, citing the Jencks Act. 18 U.S.C. § 3500(a). Except for *Brady*, the prosecution is correct that the Jencks Act shields government witness' statements from pretrial disclosure. *See Goldberg v. United States*, 425 U.S. 94, 98 (1976). It does not protect, however, summaries of statements by witnesses, or statements by anyone not a government witness. Nevertheless, there is nothing in Rule 16 that requires disclosure of witness summaries. *See United States v. Fort*, 472 F.3d 1106, 1121 (9th Cir. 2007). This request is **GRANTED** only to the extent that *Brady* requires disclosure.

This order emphasizes that the prosecution and its agents knows the full extent of its evidence and knows which items therein could help show self-defense or, if not self-defense per se, help show a mitigating circumstance. The prosecution must, under *Brady*, reveal all such information in time to be effectively used at trial. It may well be that disclosure at or shortly before trial will suffice. But sometimes the *Brady* material must be disclosed earlier in order to be effectively used. For example, if the *Brady* material, to be admissible at trial, would require tracking down a witness who doesn't want to get involved and whose whereabouts are murky, then more lead time might be indicated. The prosecutors remain under a self-executing duty to make these assessments, including the timing assessments. The scheduling order sets a deadline for disclosures of *Brady-Giglio* materials by January 31, 2022, but that deadline in no way relieves the prosecutors from disclosing sooner when earlier disclosure is warranted for effective use by the defense.

Finally, Manning requests information about government witnesses, their impeachment information, criminal records, consideration, exculpatory evidence, and testifying officers' personnel files (Br. at 10–14). He cites *Brady* and *Giglio*. The scheduling order has already imposed a (new) deadline for such disclosures, and Manning has not shown good cause why it

3

must be moved up.  Again, the prosecution must honor its self-executing duty to provide all *Brady* and *Giglio* material in time to be effectively used by the defense.  The request is **DENIED AS MOOT**.  Manning further requests preservation of surveillance notes by testifying officers (a request to which the government does not respond).  This request is **GRANTED**.  The notes must be preserved and turned over as Jencks Act material if the officers are to testify at trial.

To the extent stated above, the motion is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: November 9, 2021.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4