UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT MANNING and<br>JAMARE COATS,<br><br>    Defendants. | No. CR 19-00313 WHA<br><br>**ORDER RE UNITED STATES' MOTION FOR LEAVE TO FILE LATE NOTICE OF EXPERT TESTIMONY** |

In this prosecution for VICAR murder, the United States moves for leave to file notice of an expert, criminalist Megan Pytlik, almost four months after the relevant deadline of June 29, 2021. Only the salient facts follow. The analysis involved a microscopic comparison to determine any link between a firearm from our 2019 Heritage Center shootings and casings left behind in a 2018 shooting by defendant Robert Manning's brother (Dkt. No. 353). On March 31, the United States told the defense that it would seek to connect the 2018 casings with the 2019 gun. Yet the United States waited until June 1, 2021, to request that the crime lab perform the relevant microscopic analysis. On October 27, the United States notified defendants of its intent to introduce such microscopic comparison. The defense jointly opposed this motion for late notice, with defendant Jamare Coats joining Mr. Manning's response. No counsel noticed a hearing and this order finds the motion appropriate for resolution without one. *See* FRCrP 43; Local Cr. R. 2-1; Local Civ. R. 7-6.

Federal Rule of Criminal Procedure 45(b)(2)(B) allows departures from a deadline for "excusable neglect." No precise test for this exists, moreover ours was a court-imposed deadline. Our court of appeals has held that trial courts should weigh the following factors in evaluating "excusable neglect" for missed deadlines, and though our issue involves a court-imposed deadline, the factors aid our analysis: "[D]anger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *United States v. Rutherford*, 258 F. App'x 145, 146 (9th Cir. 2007).

*First*, Mr. Manning claims prejudice because he will have to obtain his own firearms expert. True, counsel for Mr. Manning has an obligation to test the government's expert. This can include hiring an expert of his own. Yet even though Mr. Manning opposed the continuance, the four-month continuance provides time to so hire. Additionally, since the government on March 31 did notice the defense of its intent to connect Mr. Manning's brother's casing to the firearm, the defense could have anticipated the need to disprove the comparison and chosen to begin searching for an expert (Dkt. No. 103). We can resolve any *Daubert* motion, assuming the necessity thereof, in the next few months.

*Second,* the length of the delay appears excessive, but the continuance mitigated this issue as well. *Third*, the United States offers no excuse for waiting until June 1 to request the comparison. It also does not appear that anyone called the crime lab to hurry the process along, or at least to try and expedite it. Therefore, it seems that the United States failed to exhaust some of its "control." *Ibid*. *Fourth*, no bad faith appears.

The failure to request this analysis until June 1 is concerning. The United States apparently sent the gun and casings off to the lab and just hoped for the best. Nonetheless, the United States notified the defense that it intended to prove the connection on the early date of March 31; there appears no bad faith; and a prior order continued the trial. All these alleviate prejudice to the defense.

Within **SEVEN DAYS** of this order, parties shall submit a stipulated proposed scheduling order for any *Daubert* motion challenging criminalist Pytlik.

**IT IS SO ORDERED.**

Dated: December 9, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3