UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>JAMARE COATS and<br>ROBERT MANNING,<br>　　　　Defendants. | No. CR 19-00313 WHA<br><br>**ORDER RE MOTION TO DISMISS FOR VINDICTIVE PROSECUTION (JAMARE COATS)** |

### INTRODUCTION

In this prosecution for VICAR murder and prohibited person in possession of a firearm and ammunition, one defendant moves to dismiss Count One of the second superseding indictment for vindictive prosecution. Specifically, he contends that the government filed Count One of the second superseding indictment because he had filed a motion to dismiss.

### STATEMENT

With respect to the relevant facts, defendant Jamare Coats, along with defendant Robert Manning, brought motions to dismiss the first superseding indictment in November 2020 (Dkt. Nos. 107, 109). Mr. Coats argued that a VICAR murder could not constitute a categorical crime of violence, as required by the text of 18 U.S.C. Section 924(j). Relevant to the core "crime of violence" issue was our court of appeals' decision in *United States v. Begay*, which had held that second-degree murder is not categorically a "crime of violence" for purposes of Section 924(j). 934 F.3d 1033 (2019) (*reh'g en banc granted, opinion vacated,* 15 F.4th 1254 (9th Cir. 2021)). (A decision to rehear *Begay en banc* was, at the time, being held in abeyance pending several other decisions, which were in turn being held in abeyance pending the

outcome of the United States Supreme Court's decision in *Borden v. United States*, 593 U.S. __, 141. S. Ct. 1917 (2021).) Accordingly, our January 2021 order re motions to dismiss held a decision on that point in abeyance pending the Supreme Court's decision in *Borden* and the fate of *Begay* (Dkt. Nos. 107, 109, 128; *see also* Dkt. Nos. 128, 296 for further factual background).

On June 10, 2021, the Supreme Court issued its decision in *Borden*. The decision held that recklessness fell short of the required *mens rea* for purposes of imposing a sentencing enhancement under the elements clause of the Armed Career Criminal Act. An order filed June 12, 2021, solicited briefing on *Borden*'s applicability to the decision re motions to dismiss being held in abeyance. In lieu of litigating the motion, the government then informed the defense by letter dated June 15, 2021, that it would be seeking a second superseding indictment, that it was open to plea negotiations, and set a July 26 deadline for reaching an agreement in principle. The defense apparently did not respond to that suggestion. In response to our request, the parties set a briefing schedule to address *Borden*'s applicability to the motion to dismiss. Meanwhile, the government superseded as to both defendants (Dkt. Nos. 169, 180–81, 206; O'Brien Decl. ¶¶ 3–4).

The first superseding indictment had charged in Count One use of a firearm in furtherance of a crime of violence, to wit a VICAR murder. 18 U.S.C. § 924(j)(1)–(2) (charge); 18 U.S.C. § 1959(a)(1) (predicate). The second superseding indictment deleted the 924(j) charge and substituted a VICAR murder. The new charge carries a mandatory life sentence or the death penalty. The government is not seeking the death penalty. After the government superseded in August 2021, both defendants moved to dismiss the second superseding indictment's Count One. They argued, in essence, that following *Borden*, Section 1959(a) requires allegations of an underlying "crime of violence," but that the second superseding indictment fell short. Orders then denied those challenges (*see* Dkt. Nos. 206, 219, 220, 222, 298, 382-1).

Mr. Coats now moves to dismiss Count One on the ground that the government superseded in retaliation for Mr. Coats' motion to dismiss the first superseding indictment.

**ANALYSIS**

The Fifth and Fourteenth Amendment due process clauses forbid vindictive prosecution by the government. A burden-shifting test accompanies such challenges by defendants. *First*, a defendant bears the burden of showing "facts that warrant an appearance" of vindictiveness (or the rarely-available direct evidence thereof), in order to make out a "*prima facie*" case. *United States v. Montoya*, 45 F.3d 1286, 1299 (9th Cir. 1995) (cleaned up). If it does, the United States bears the burden, *second*, of demonstrating a valid reason for the action. *Ibid*. In the context of a superseding indictment, our court of appeals has held that a presumption of vindictiveness may attach when the same sovereign is involved and most crucially, "when the decision to file increased charges directly followed the assertion of a procedural right." *United States v. Garza-Juarez*, 992 F.2d 896, 907 (9th Cir. 1993) (cleaned up) (noting a stronger presumption when the underlying charged conduct remains the same). However, decisions to file new charges by the United States normally receive deference during plea negotiations. *See United States v. Brown*, 875 F.3d 1235, 1240 (9th Cir. 2017).

This order starts with step one, analyzing whether the defense has made a *prima facie* case of vindictiveness. It is undisputed that the same sovereign and the same underlying charged conduct persist. In *Garza-Juarez*, our court of appeals found at step one that a presumption of vindictiveness arose. *See* 992 F.2d at 906–07. There, records showed that defendants filed motions to dismiss for outrageous government conduct during the investigation. Next, the government communicated a "package" plea offer to the defendants and told them that they would "have to plead guilty very quickly or" the government would "consider filing additional charges" for matters contained in "supplemental reports." *Id*. at 901, 902. The defense pursued its motions, already pending, and the government filed more charges, increasing those defendants' penalty exposure. After a balancing test at step two, our court of appeals ultimately found the government's conduct lawful. At step one, however, the panel noted that the promise to withdraw a plea offer, which came soon after they learned of the defendants' intentions to pursue their motions to dismiss, evinced some vindictiveness. *Id*. at 902, 906. Mr. Coats analogizes to *Garza-Juarez*, because as there, he filed a motion to

3

dismiss and in (he argues) apparent retaliation, the government superseded with a more serious charge. Mr. Coats maintains, on reply, "At the first hearing on the defense motion to dismiss the section § 924(j) charge, government counsel threatened to file the enhanced § 1959(a)(1) murder charge if the Court granted the defense motion to dismiss." He also replies that the government's true reason for the superseding indictment was "based on the uncertainty that a court may disagree with its [the government's] reasoning," and nothing to do with plea bargaining (Rep. Br. 2).

However, the United States may validly supersede based on its worry that the Section 924(j) charge might not survive after *Borden*. No case by our court of appeals stands on all fours, but this order finds compelling the reasoning of *United States v. Young*, 955 F.2d 99, 108 (1st Cir. 1992), which held: "Young's motion to dismiss the charge on the ground that the embezzlement statute was unconstitutional offers an obvious, and legitimate, reason why the prosecutor would want to add other, less controversial, charges to the indictment." The defense has not pointed to a decision inapposite to *Young*, nor has this Court located one. Logic also provides that the government may supersede if it perceives flaws or fatal weaknesses in its indictment.

Without this non-vindictive reason for superseding, the defense might have had a point about the threat to supersede. In *Garza-Juarez*, the decision to supersede bore no connection to the motions to dismiss for outrageous government conduct during the case's earlier investigative stage. The disconnect between the subject of the *Garza-Juarez* defendants' motions to dismiss and the decision to supersede supported the inference of vindictiveness. In an argument properly directed at step two, Mr. Coats notes that the *Garza-Juarez* decision "limited" its holding by pointing out that the charges "were not linked exclusively to the motion to dismiss," presumably to emphasize that in our case they were linked exclusively (Br. 6). 992 F.2d at 907. The critical distinction also relevant at step one, however, is that the *topic* of our motions to dismiss and the *reasoning* behind the decision to supersede appear strongly connected. Like the prosecution in *Young*, the United States has established, the decision to supersede grew out of its perception that the first superseding indictment might contain a

4

constitutional infirmity, or its perception that a court might find as much, especially in light of the *Borden* decision. This conclusion does not depend on the pendency of active plea negotiations; therefore, this order does not decide whether (or not) rejection of a plea offer motivated the decision to supersede.

To be clear, this order does not hold that superseding in light of a motion to dismiss, including a motion with some connection to the subsequent superseding, could never support an inference of retaliation. In our case, though, in light of the timing; the strength of the *Borden* decision; and the crystalline connection between that decision and the defense's motion to dismiss, no *prima facie* showing of vindictiveness appears. This order need not reach step two.

## CONCLUSION

For the reasons stated, the motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 19, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE