UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ROBERT MANNING and
JAMARE COATS,

    Defendants.

No. CR 19-00313 WHA

**ORDER RE MOTION FOR DISCLOSURE OF GRAND JURY INSTRUCTIONS**

Defendant Robert Manning seeks disclosure of the instructions given to the grand jury before returning the Superseding and Second Superseding Indictments (Dkt. No. 487 at 10). He moves pursuant to the public right of access and on the ground that he has shown a particularized need for disclosure. Defendant Jamare Coats joins. The government opposes.

While "matter[s] occurring before the grand jury" clearly enjoy a presumption of secrecy under FRCrP 6(e)(2), our court of appeals has acknowledged a right of public access to "ministerial" records. These "generally relate to the procedural aspects of the impaneling and operation" of a grand jury's "investigation," not its substance. *In re Special Grand Jury*, 674 F.2d 778, 779 n.1, 780–81 (9th Cir. 1982). Our court of appeals has not addressed whether instructions to the grand jury on the law of the offense are ministerial or not. District courts are divided. Some have found grand jury instructions definitively ministerial, and others have found the opposite. *Compare*, *United States v. Belton*, 2015 WL 1815273, at *3 (N.D. Cal.,

April 21, 2015) (Judge Jon S. Tigar), *with United States v. Crider*, 2021 WL 4226149, at *8 (C.D. Cal. Sept. 15, 2021) (Judge John A. Houston). Still other courts have taken a case-by-case approach: "Whether the instructions go to the substance will depend to some extent on the format of their presentation," *i.e.*, the degree to which the instructions remained hermetically sealed from the evidence and deliberation. *United States v. Pacific Gas and Electric Company*, 2015 WL 3958111, at *13 (N.D. Cal. June 29, 2015) (Judge Thelton E. Henderson). The third approach most closely aligns with our court of appeals' limited precedent. It thus far has recognized a public right of access to the "ground rules" of the grand jury proceedings, without giving extensive examples of what constitutes "ground rules." *United States v. Alter*, 482 F.2d 1016, n.21 (9th Cir. 1973). This order finds that the legal instructions sought could prove inextricable from the presentation of evidence. This would make them part of the proceedings before the grand jury and presumed secret. Or the instructions could prove foundational, quite separate from the specific case, and thus subject to public disclosure.

Therefore, this order follows the procedure laid out by Judge Henderson (among others). We will review the instructions *in camera* prior to ruling on the substance of Mr. Manning's motion. The production must include all relevant instructions shown or given to jurors, transcripts of the instructions given, transcripts of colloquies with grand jurors, and other relevant media. A hearing shall be set if necessary.

The United States shall produce the grand jury instructions *in camera* by **TUESDAY, MAY 3 AT 5:00 PM.**

**IT IS SO ORDERED.**

Dated: April 29, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2